Joshua B. Cooley
**Ehrhardt | Elsner | Cooley**
215 Fidalgo Avenue, Suite 201
Kenai, Alaska 99611
Phone: (907) 283-2876
Fax: (907) 283-2896
Josh@907legal.com
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | | |
|---|---|---|
| ANDREW MOUSSEAU and RANDALL WOLFFE, individually and on behalf of all persons similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: |
| ADAM CRUM, in his official capacity as ALASKA COMMISSIONER OF REVENUE, ALASKA DEPARTMENT OF REVENUE, and NIC DEHART, in his official capacity as UNCLAIMED PROPERTY MANAGER, ALASKA DEPARTMENT OF REVENUE, TREASURY DIVISION, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

## COMPLAINT – CLASS ACTION
### 42 U.S.C. § 1983

1

Plaintiffs Andrew Mousseau and Randall Wolffe, individually and on behalf of all persons similarly situated, for their Complaint against defendants Adam Crum, in his official capacity as Alaska Commissioner of Revenue, Alaska Department of Revenue, and Nic Dehart, in his official capacity as Unclaimed Property Manager, Alaska Department of Revenue, Treasury Division, allege as follows:

<h2 align="center">PRELIMINARY STATEMENT</h2>

1. This action is brought under 42 U.S.C. § 1983 for declaratory relief, preliminary and permanent injunctive relief, an accounting and other relief based on the unconstitutional and unlawful conduct of Defendants through their enforcement of the Alaska Uniform Unclaimed Property Act ("AUUPA") (Alaska Stat. §§ 34.45.110 *et seq.*). Plaintiffs and putative class members have had their property seized without notice, sometimes sold, and generally mishandled by the custodial Defendants.

2. The purpose of the AUUPA is to reunite people with their property but Defendants take private property from people and businesses without meeting the basic threshold due process requirements of the U.S. Constitution for escheatment because they have not "abandoned" their property. This property includes, but is not limited to, cash, uncashed checks, drafts, state warrants, uncashed payroll

2

checks, interest, dividends or income, savings and checking accounts, retirement accounts, safe deposit box contents, credit balances, customer overpayments, unidentified remittances, securities, and other tangible and real property.

3. Defendants' actions in taking possession of private property without adequate pre- and post-deprivation notice to Plaintiffs and putative class members violated, and continues to violate, the Fourteenth Amendment of the United States Constitution, which states that no state shall "deprive any person of life, liberty, or property without due process of law." These actions directly caused the injuries described herein.

4. Defendants' actions in retaining and using private property for public purposes without adequate pre- and post-deprivation notice to Plaintiffs and putative class members violated, and continues to violate, the Fifth Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment, which provides that no state shall take private property without just compensation. Defendants' enforcement of the AUUPA directly caused the injuries described herein.

5. Defendants are "persons" under 42 U.S.C. § 1983.

3

6.  Defendants acted intentionally to generate revenue for the State, but these funds were neither authorized tax levies nor funds rightfully belonging to the State.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343. This action arises under the Takings Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution based on Defendants' actions as custodians of the Alaska General Revenue Fund, which contains private property known as "unclaimed property funds."

8.  Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and by Rules 57 and 65 of the Federal Rules of Civil Procedure.

9.  Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district in that each of the Plaintiffs had their property seized in this district.

**PARTIES**

*Plaintiffs*

10. Plaintiff Andrew Mousseau is an Alaska citizen and has been a permanent resident of Alaska since 2012. Mr. Mousseau has lived in Anchorage, Alaska since 2012. Mr. Mousseau has had an Alaska driver's license and a vehicle registered with the Alaska Division of Motor Vehicles since 2012. Moreover, Mr. Mousseau has been registered to vote in Alaska since 2013. He has also received his permanent resident fund payment from the Alaska Department of Revenue ("ADOR") in all but one year since 2013.

11. In 2022, Mr. Mousseau learned through his own efforts that the ADOR seized his property as shown below without his knowledge or consent. Mr. Mousseau never received notice from the ADOR, the holder, or anyone else before Defendants took custody of his property. Mr. Mousseau also did not receive constitutionally adequate notice from the ADOR's Office, the holder, the Defendants, or anyone else after Defendants took custody of his personal property.

12. ADOR has failed to identify anything but the most general description of Mr. Mousseau's taken property, as reflected in the screenshot of ADOR's website, below:

5



| Select an Action | Owner Name | Co-Owner Name | Holder | City | Zip Code | Amount | Property ID |
|---|---|---|---|---|---|---|---|
| CLAIM | ANDREW MOUSSEAU | BRANDON KING | WEIDNER PROPERTY MANAGEMENT | ANCHORAGE | 99508 | $25-$50 | 1994569 |

13. Despite this inadequate information, Mr. Mousseau believes the State is holding his physical property as shown in the above ADOR website screenshot. First, the owner name matches his name. Second, Mr. Mousseau leased an apartment from Weidner Property Management in Anchorage in 2017. Third, Brandon King was a co-resident of Mr. Mousseau at that apartment.

14. Mr. Mousseau is subject to ongoing harm because he continues to hold property within the state of Alaska, including bank accounts that could be seized by the State without any pre-deprivation notice.

15. Plaintiff Randall Wolffe is an Alaska citizen and has been a permanent resident of Alaska since 2018. He was initially stationed in Alaska by the Army in 2017 and has lived in Eagle River, Alaska since 2019. Mr. Wolffe has also owned real property in the State of Alaska and has paid property taxes on that real property to the State of Alaska since 2020. Moreover, Mr. Wolffe has owned at least one vehicle registered with the Alaska Division of Motor Vehicles since 2017 until he most recently sold his vehicle in 2023. He has had a driver's license issued by the State of Alaska since 2020. Further, Mr. Wolffe has received his permanent resident fund payment from the Alaska Department of Revenue since at least 2019.

6

16. In 2022, Mr. Wolffe learned through his own efforts that ADOR had seized an undisclosed type of his private property without notice, his knowledge, or consent. Mr. Wolffe never received any notice from ADOR, the holder, or anyone else before Defendants took custody of his personal property. Mr. Wolffe also did not receive constitutionally adequate notice from the ADOR's Office, the holder, the Defendants, or anyone else after Defendants took custody of his personal property.

17. ADOR has failed to identify anything but the most general description of Mr. Wolffe's taken property, as reflected in the screenshot of ADOR's website, below:

| Select an Action | Owner Name | Co-Owner Name | Holder | City | Zip Code | Amount | Property ID |
|---|---|---|---|---|---|---|---|
| CLAIM | RANDALL WOLFFE | | UNITED SERVICES AUTOMOBILE ASSOC | EAGLE RIVER | 99577 | OVER $100 | 1952677 |

18. Despite the inadequate information, Mr. Wolffe believes the above screenshot shows his personal property is in the possession of the State. First, the owner name matches his name. Second, Mr. Wolffe had an account with United Service Automobile Associates containing over $100. Finally, Mr. Wolffe has lived in Eagle River, Alaska at zip code 99577.

7

19. Mr. Wolffe is subject to ongoing harm because he continues to hold property within the state of Alaska, including bank accounts that could be seized by the State without any pre-deprivation notice.

*Defendants*

20. Defendant Adam Crum was appointed Alaska Commissioner of Revenue by Governor Mike Dunleavy on November 14, 2022, and still holds that position.[1] Defendant Crum is sued in his official capacity.

21. As the Alaska Commissioner of Revenue, defendant Crum is Alaska's principal executive officer in charge of the ADOR. As Commissioner, defendant Crum has a statutory duty to operate, administer, and enforce the AUUPA. (*See* Alaska Stat. §§ 43.05.010, 34.45.320, .450, .470, .720, .730.) ADOR's Unclaimed Property Section has a fiduciary entrustment: "Our primary mission is to reunite Alaskans and their money."[2]

---

[1] *See* https://dor.alaska.gov/commissioner (last visited Apr. 6, 2023).

[2] *See* Peter Segall, *Alaksa has millions in unclaimed property. Some of it might be yours*, Juneau Empire News (Mar. 24, 2022, 3:16 PM), https://www.juneauempire.com/news/alaska-has-millions-in-unclaimed-property-some-of-it-might-be-yours/.

8

22. The ADOR is comprised of multiple divisions, each with several specialized sections, one of which is the Unclaimed Property Section.[3] Defendant Crum is the custodian and executive officer of over 1.6 million individual unclaimed properties totaling over $243 million in unclaimed property funds, currently held by ADOR, which belong to citizens who reside, or have resided, in the State of Alaska.[4]

23. Defendant Crum is responsible for securing and safekeeping unclaimed property and funds maintained in the Alaska General Fund, and for properly enforcing AUUPA. *See* Alaska Stat. §§ 34.45.320, .450, .470, .720, .730.

24. Defendant Crum, since his appointment in 2022, has failed, and continues to fail, to ensure that ADOR and the Unclaimed Property Section Manager, defendant Dehart, have complied with the United States Constitution *before* taking citizens' personal and real private property and *after* taking citizens' private

---

[3] *Treasury Division*, ADOR, https://treasury.dor.alaska.gov/ (last visited April 6, 2023).

[4] Peter Segall, *Alaska has millions in unclaimed property. Some of it might be yours*, Juneau Empire News (Mar. 24, 2022, 3:16 PM), https://www.juneauempire.com/news/alaska-has-millions-in-unclaimed-property-some-of-it-might-be-yours/).

9

property. Defendant Crum, absent legal action from the Court, will not stop his wrongful and unconstitutional acts described herein.

25. Nic Dehart is currently the Manager of the Unclaimed Property Section, Alaska Department of Revenue, Treasury Division, and is sued in his official capacity. Defendant Dehart reports to defendant Crum and is responsible for carrying out many of the actions set forth in this Complaint, including ensuring compliance with providing proper notice to "abandoned," "lost," or "unclaimed" property "Owners" regarding the seizure and sale of "abandoned," "lost," or "unclaimed" property. *See* Alaska Stat. §§ 34.45.280, .310, .360.

26. Despite his obligations, defendant Dehart disregarded, and continues to disregard, the law, and failed, and continues to fail, to provide reasonably adequate notice as required by the United States Constitution before taking citizens' personal property and after taking private citizens' personal property. Defendant Dehart, absent legal action from the Court, will not stop his wrongful and unconstitutional acts described herein.

## FACTUAL BACKGROUND

### *Defendants Use the Unclaimed Property Fund to Satisfy Budget Shortfalls.*

27. As the Alaska State Commissioner of Revenue, Defendants operate and administer the ADOR, Treasury Division, Unclaimed Property Section. The

10

Commissioner is the executive officer in charge of the ADOR, which includes the Treasury Division, Unclaimed Property Section. Defendant Crum, *vis-à-vis* the ADOR, is responsible for administering Alaska's Unclaimed Section, which includes reporting, remitting, and refunding unclaimed property in Alaska.

28. Defendant Dehart, as the Unclaimed Property Manager, is responsible for duties such as communicating unclaimed property program objectives, statutory requirements, and resource needs to top management; coordinating and controlling program activities, workflow, policies, and procedures; establishing and maintaining standards for the receipt and distribution of unclaimed property; setting and prioritizing strategic goals and objectives; and ensuring compliance with rules, regulations, and laws affecting the unclaimed property program.

29. Alaska, since at least 2010, has been misusing the State's unclaimed property as a "general revenue source" to supplement falling state revenues.[5]

30. The AUUPA's sweeping breadth and short timetables for presumptive

---

[5] *See* ADOR Tax Division, at *92 (2021) (https://dor.alaska.gov/docs/default-source/press-releases/2022_02_25-department-of-revenue-releases-fall-2021-forecast.pdf?sfvrsn=74792cb1_9) ("The department has also added specific revenues, such as transfers to the state treasury from the Unclaimed Property Trust Fund and dividends from component units [to the Unrestricted General Revenue Fund]").

abandonment, combined with Defendants' systematic auditing of holders, allows the State to convert huge sums of private property for public use. Unless otherwise provided, personal property is considered abandoned after 3 years of purported inactivity by the rightful owner. For many forms of personal property, the presumptive abandonment periods are even shorter: for example, unclaimed wages, utility deposits, and the contents of safe deposit boxes are considered "abandoned" after one year of inactivity.

31. Additionally, holders are required to affirmatively report property as abandoned using the AUUPA's aggressive timetable for presumptive abandonment, or else face civil penalties and potentially criminal charges.

32. Defendants are then permitted to create their own report and seize the property.

33. All unclaimed property is held in trust forever and can be claimed at any time by the property owner.[6]

34. Unclaimed property consists of, but is not limited to, money, checks, drafts, warrants, deposits, interest, dividends, and income; credit balances, customer

---

[6] *See id.* at *66 ("The state holds the property in trust until the owner or his or her legal heir claims it.").

overpayments, gift certificates, security deposits, refunds, credit memos, unpaid wages, and unidentified remittances; stocks and other intangible equity interests in business associations; money deposited to redeem stocks, bonds, coupons, and other securities, or to make distributions; amounts due and payable under the terms of insurance policies; amounts distributable from a trust or custodial fund established under a plan to provide health, welfare, pension, vacation, severance, retirement, death, stock purchase, profit-sharing, employee savings, supplemental unemployment insurance, or similar benefits; amounts due and payable as mineral proceeds; and safe deposit box contents, etc.

35. ADOR's records reveal that Defendants accept unclaimed property from holders that lists the property owner as the holder, leaves the co-owner portion of the property blank or simply states "Additional Owners Exist,"—even if the property would be expected to have an owner name—for property such as payroll checks, savings accounts, and safe deposit boxes. Examples from certain financial institutions are below:

13

## Alaska Pacific Bank

| Select an Action | Owner Name | Co-Owner Name | Holder | City | Zip Code | Amount | Property ID |
|---|---|---|---|---|---|---|---|
| CLAIM | ALASKA PACIFIC BANK | PRICE DUANE | ALASKA PACIFIC BANK | | | $25-$50 | 410396 |
| CLAIM | ALASKA PACIFIC BANK | MICHAEL ALLEN | ALASKA PACIFIC BANK | | | $25-$50 | 410399 |
| CLAIM | ALASKA PACIFIC BANK | HUNT RALPH C | ALASKA PACIFIC BANK | | | OVER $100 | 460066 |
| CLAIM | ALASKA PACIFIC BANK | FIRST AMERICAN TTITLE INSURANCE | ALASKA PACIFIC BANK | | 00000 | OVER $100 | 816445 |
| CLAIM | ALASKA PACIFIC BANK | ADDITIONAL OWNERS EXIST | ALASKA PACIFIC BANK | | | $50-$100 | 410405 |
| CLAIM | ALASKA PACIFIC BANK | BUZZARD CHARISSA | ALASKA PACIFIC BANK | | | OVER $100 | 460084 |
| CLAIM | ALASKA PACIFIC BANK | LITTLE COMPANY OF MARY EMPLOYE | ALASKA PACIFIC BANK | | | OVER $100 | 516103 |
| Select an Action | Owner Name | Co-Owner Name | Holder | City | Zip Code | Amount | Property ID |
| CLAIM | ALASKA PACIFIC BANK | ADDITIONAL OWNERS EXIST | ALASKA PACIFIC BANK | | | $50-$100 | 460065 |
| CLAIM | ALASKA PACIFIC BANK | ADDITIONAL OWNERS EXIST | ALASKA PACIFIC BANK | | | $50-$100 | 460093 |
| CLAIM | ALASKA PACIFIC BANK | FIRST AMERICAN 'TITLE INSURANCE | ALASKA PACIFIC BANK | | 00000 | OVER $100 | 816444 |
| CLAIM | ALASKA PACIFIC BANK | SADOWSKI III JOSEPH | ALASKA PACIFIC BANK | | 00000 | OVER $100 | 816454 |

## MT McKinley Bank

| Select an Action | Owner Name | Co-Owner Name | Holder | City | Zip Code | Amount | Property ID |
|---|---|---|---|---|---|---|---|
| CLAIM | MOUNT MCKINLEY BANK | ADDITIONAL OWNERS EXIST | MT MCKINLEY BANK | | | OVER $100 | 255123 |
| CLAIM | MT BAKER BANK | | ALABAMA STATE OF | | 98227 | $50-$100 | 336621 |
| CLAIM | MT MCKINLEY BANK | DEHART-ROBB V. CHERYL | MT MCKINLEY BANK | | 00000 | $25-$50 | 970986 |
| CLAIM | MT MCKINLEY BANK | ADDITIONAL OWNERS EXIST | MT MCKINLEY BANK | | 00000 | OVER $100 | 971028 |
| CLAIM | MT MCKINLEY BANK | ADDITIONAL OWNERS EXIST | MT MCKINLEY BANK | | 00000 | $25-$50 | 971059 |
| CLAIM | MT MCKINLEY BANK | CARSON COLE | MT MCKINLEY BANK | | 00000 | $50-$100 | 1084118 |
| CLAIM | MT MCKINLEY BANK | DENALI STATE BANK | MT MCKINLEY BANK | | | $25-$50 | 508404 |

14

## Credit Union 1 (One)

| Select an Action | Owner Name | Co-Owner Name | Holder | City | Zip Code | Amount | Property ID |
|---|---|---|---|---|---|---|---|
| CLAIM | CREDIT UNION 1 | AGUIRRE RUBEN A JR | CREDIT UNION 1 | ANCHORAGE | 99507 | OVER $100 | 1686660 |
| CLAIM | CREDIT UNION 1 | VULCAN TOWING | CREDIT UNION 1 | ANCHORAGE | 99507 | $50-$100 | 1686661 |
| CLAIM | CREDIT UNION 1 | STATE FARM | CREDIT UNION 1 | ANCHORAGE | 99507 | $25-$50 | 1686664 |
| CLAIM | CREDIT UNION 1 | WOMENS CENTER OF THE | CREDIT UNION 1 | ANCHORAGE | 99507 | OVER $100 | 1686669 |
| CLAIM | CREDIT UNION 1 | FINGER RACHEL | CREDIT UNION 1 | ANCHORAGE | 99507 | $25-$50 | 1686672 |
| CLAIM | CREDIT UNION 1 | VEERMAN JULIE A DDS | CREDIT UNION 1 | ANCHORAGE | 99507 | OVER $100 | 1686674 |
| CLAIM | CREDIT UNION 1 | GAITHER DESIREE | CREDIT UNION 1 | ANCHORAGE | 99507 | OVER $100 | 1686677 |
| CLAIM | CREDIT UNION 1 | STATE OF ALASKA | CREDIT UNION 1 | ANCHORAGE | 99507 | $25-$50 | 1686678 |
| CLAIM | CREDIT UNION 1 | STATE OF ALASKA | CREDIT UNION 1 | ANCHORAGE | 99507 | $25-$50 | 1686681 |
| CLAIM | CREDIT UNION 1 | KOLDEWAY TRAVIS ARTHUR | GOVERNMENT EMPLOYEES INSURANCE COMPANY | ANCHORAGE | 99517 | OVER $100 | 1780857 |

36. Defendants are currently the custodians of over $240 million in Unclaimed Property delivered by financial institutions, businesses, insurance companies, government agencies, utility companies, etc. and serve as the custodians for such property with the continuing responsibility to account for such property.

37. By listing the property owner as the holder and leaving the co-owner portion of the property blank or as "Additional Owners Exist," the Defendants effectively make it impossible for many property owners to ever learn that their property has been possessed and seek a return of that property.

15

*Defendants Convert Unclaimed Property for Public Use*

38. Defendants have disregarded and are continuing to disregard Alaska citizens' guaranteed rights under the United States Constitution by seizing private property, using it to generate interest income for the State, and then converting it for use as revenue for the State. Defendants are using the enforcement provisions of the AUUPA to permit and even coerce financial institutions, businesses, nonprofits, etc. to surrender Plaintiffs' and putative class members' private property to the ADOR. With respect to the property that is the subject of this action, Defendants failed, and continue to fail, to provide constitutionally adequate notice both before and after transfer of the private property by the holders to ADOR.

39. Defendants, in many instances, unlawfully sell unclaimed property without due process, (*see* Alaska Stat. § 34.45.360), and deposit the proceeds into the General Revenue Fund, again in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

40. Defendants wrongfully commingle Plaintiffs' and putative class members' private property with the General Revenue Fund to supplement the State's budget and pay the State's debts. Although the AUUPA states that the "[S]tate assumes

16

custody and responsibility for the safekeeping of the property," (Alaska Stat. § 34.45.330), and Defendants tell the public that, "[o]ur mission is to collect and safeguard unclaimed property and to reunite owners with their lost and misplaced property,"[7] the AUUPA requires Defendants to comingle unclaimed property funds with the General Revenue Fund. *See* Alaska Stat. § 34.45.370.[8]

41. The State, by and through Defendants, made and continue to make expenditures from the General Revenue Fund, including unconstitutionally seized unclaimed property funds, thereby unconstitutionally converting Plaintiffs' and putative class members' private property for public use.

42. Therefore, Defendants' past and ongoing enforcement of the AUUPA effectuates a physical taking—even though they never acquired title—because they took physical possession of Plaintiffs' and putative class members' private property and converted it to public use.

---

[7] Unclaimed Property Program, ADOR Treasury Division, https://unclaimedproperty.alaska.gov/ (last visited April 6, 2023).

[8] *See also Revenue Sources Book*, ADOR Tax Division, at *66 ("Each year the unclaimed property trust account is evaluated, and the excess of the working trust balance is transferred to the general fund.").

17

*Defendants' Enforcement of the AUUPA is an Ongoing Violation of the Constitution*

43. Defendants violated, and continue to violate, the notice requirements of the Fifth and Fourteenth Amendments of the United States Constitution by failing to provide property owners reasonable notice that ADOR intends to take custody of their property prior to seizure.

44. The AUUPA's failure to provide for mandatory pre- and post-deprivation notice from the State renders the statute facially unconstitutional.

45. Specifically, the AUUPA does not require Defendants to provide any notice to property owners before depriving them of their constitutionally protected property interests, and Defendants do not otherwise provide any form of pre-deprivation notice to property owners. This violates Constitutional "notice" requirements.

46. Defendants do not provide actual notice to property owners post-deprivation. Post-deprivation, Defendants are currently only required to publish notice on a website.

47. The AUUPA website does not satisfy the notice requirements of Due Process.

18

48. For example, the website provides that "David" has two unclaimed properties being held by Defendants that was obtained from United Utilities Inc, a telecommunications business that provides services in over 60 villages, but no zip code or city is listed:

| | | | | | | |
|---|---|---|---|---|---|---|
| CLAIM | DAVID | | UNITED UTILITIES INC | | 00000 | $25-$50 | 1638569 |
| CLAIM | DAVID | | UNITED UTILITIES INC | | 00000 | $25-$50 | 1638570 |

49. Similarly, a "Cory Smith" has over $100 dollars in unclaimed property, but the website does not provide the holder, the city, or the zip code:

| | | | | | | |
|---|---|---|---|---|---|---|
| CLAIM | SMITH CORY | | UNDISCLOSED | | 00000 | OVER $100 | 821244 |

50. Even if one stumbles upon the website, the lack of notice provided precludes some individuals from ever knowing whether the State has their money.

51. If the Defendants do not provide any notice to property owners informing them the State has custody of their property, many property owners will be forced to either file numerous claims hoping one of them matches or simply leave their property in the State's possession forever.

52. The Defendants' own website tells property owners that, "If you see your name, **and can verify the address as your current or former address**, file a claim . . . ."[9] But the website does not even provide property owners' addresses.

---

[9] Unclaimed Property Program, ADOR Treasury Division,

53. Defendants *may* provide additional notice by publication in a newspaper, individual contact, or any other manner Defendants deem effective; however, in deciding whether to choose an additional method, Defendants must choose the most cost-effective method. Alaska Stat. § 34.45.310. Thus, on top of actual notice being discretionary, the cost limitation effectually guarantees that individual contact will not be provided.

54. The discretionary notice provisions of the AUUPA essentially permit Defendants to choose whether to provide Due Process.

55. Moreover, the AUUPA does not require either Defendants or holders to provide any form of "notice" to a property owner for any property valued at under $100, in violation of the Fifth and Fourteenth Amendments of the United States Constitution. *Id.* at § 34.45.310(d).

56. Defendants violated, and continue to violate, the notice requirements of the Fifth and Fourteenth Amendments of the United States Constitution by failing to provide reasonably adequate notice that Defendants intend to sell property owners' private property. The AUUPA does not require any direct notice to the property owners before the sale of their property. Instead, the AUUPA only

---

https://unclaimedproperty.alaska.gov/app/faq-claim (last visited April 6, 2023).

20

requires "a single publication of notice, at least three weeks in advance of sale, in a newspaper of general circulation in the general area in which the property is to be sold." Alaska Stat. § 34.45.360. This violates the "notice" requirements afforded under the Fifth and Fourteenth Amendments of the United States Constitution.

57. Defendants' duty to provide pre- and post-deprivation notice is non-delegable. The State and Defendants sit in the best position to provide notice by virtue of their access to driver's license records, tax records, etc., and in any event, the State and Defendants may not discharge their obligation to provide pre- and post-deprivation notice by relying on private third-party holders.

58. Despite the AUUPA's express purpose of reuniting people with their property, the AUUPA doesn't require Defendants to make any attempt to directly notify individuals that their property has been taken, and Defendants make no attempt to notify individuals who they could readily contact. For example, the ADOR currently holds the private property of:

    a. William "Bill" Wielechowski, a current Alaska State Senator: [10]

| Select an Action | Owner Name | Co-Owner Name | Holder | City | Zip Code | Amount | Property ID |
|---|---|---|---|---|---|---|---|
| CLAIM | WILLIAM WIELECHOWSKI | LAURA KRIP | UNDISCLOSED | | | $25-$50 | 2011656 |

---

[10] *See* https://akleg.gov/legislator.php?id=wie (noting his spouse's name is Laura, consistent with the identified co-owner in the screenshot).

21

b. Justice Jennifer S. Henderson, a current Alaska Supreme Court Justice:[11]

| CLAIM | HENDERSON JENNIFER | | CHEVRON FEDERAL CREDIT UNION | ANCHORAGE | 99507 | $25-$50 | 1271483 |
|---|---|---|---|---|---|---|---|
| CLAIM | HENDERSON JENNIFER | HENDERSON ROBERT E | UNDISCLOSED | ANCHORAGE | 99502 | $25-$50 | 1467577 |

c. United States Mag. Judge Scott A. Oravec for the District of Alaska:

| CLAIM | ORAVEC SCOTT | | SOA ADMIN FINANCE | FAIRBANKS | 99709 | OVER $100 | 1143831 |
|---|---|---|---|---|---|---|---|

59. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[12] This may include an obligation, upon learning that an attempt at notice has failed, to take "reasonable follow-up measures."[13] Additionally, notice must be sufficient to enable the recipient to determine what is being proposed and what he must do to prevent the

---

[11] https://www.elections.alaska.gov/election/2020/General/Henderson,Jennifer_JD 3Sup_WEB.pdf (last visited April 7, 2023) (noting Justice Henderson's spouse's name is Robert E. Henderson, consistent with the identified co-owner in the screenshot and noting she has lived in Anchorage since 2003, consistent with the city identified in the screenshot).

[12] *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Richards v. Jefferson Cty.*, 517 U.S. 793 (1996) (lack of notice may negate res judicata).

[13] *Jones v. Flowers*, 547 U.S. 220, 235 (2006) (state's certified letter to property owner that his property would be sold unless he satisfied a tax delinquency was returned "unclaimed"; state should have taken additional reasonable steps to give notice to property owner).

deprivation of his interest.[14] Ordinarily, service of the notice must be reasonably structured to assure that the person to whom it is directed receives it.[15]

60. In 2021, the then Commissioner reported that the State received $17 million in revenue from unclaimed property and projected another $25 million over the next two years.[16] Thus, due to the perverse system of enforcing the AUUPA, Defendants would deliver less revenue for the State to spend if Defendants were providing constitutionally adequate notice and fulfilling the mission of the AUUPA rather than treating Plaintiffs' and other property owners' private property as a revenue source.

61. Defendants' enforcement of the AUUPA has caused, and will continue to cause, violations of the Constitution in the following manner:

    a.  Defendants failed, and continue to fail, to provide notice and due process of law as required by the United States Constitution, which resulted in the unconstitutional taking of property and a deprivation of Plaintiffs' clearly

---

[14] *Goldberg v. Kelly*, 397 U.S. 254, 267-26 (1970).

[15] *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965); *Robinson v. Hanrahan*, 409 U.S. 38 (1974); *Greene v. Lindsey*, 456 U.S. 444 (1982).

[16] *Revenue Sources Book*, ADOR Tax Division at * 66.

established due process rights. Defendants knowingly disregarded these duties, causing Plaintiffs' injuries.

b. Defendants failed, and continue to fail, to provide constitutionally required notice before and after taking private property from Plaintiffs and putative class members. The practical effect of Defendants' failure to provide adequate notice means, that – for all practical purposes – Plaintiffs' and putative class members' property will likely permanently and wrongfully remain in the possession of the State.

c. Defendants continue to seize, sell, and destroy the contents of private bank safety deposit boxes and securities/investment vehicles without first providing adequate notice reasonably calculated to apprise the property owner, and then proceed to utilize the earnings for public use, in violation of property owners' rights provided by the Fifth and Fourteenth Amendments.

62. In summary, the Takings Clause does not permit the seizure or sale of private property for public use without just compensation or Due Process. And the Due Process Clause precludes the Defendants from depriving constitutionally protected interests without due process of law. The fact that Defendants then sell unlawfully seized property, comingle the funds in the General Revenue Fund, and

24

use those funds to generate interest and revenue for the State does not sanitize the process.

63. Likewise, the fact that some of the unconstitutional conduct described above originated in an earlier administration does not relieve Defendants of their obligations to enforce the law nor does it relieve Defendants of liability for their own wrongdoing.

64. Defendants swore binding oaths of office to uphold the United States Constitution.

65. Defendants violated, and continue to violate, this oath by taking and selling private property without notice and due process of law, in violation of the Takings Clause of the Fifth Amendment (as incorporated by the Fourteenth) and the Due Process Clause of the Fourteenth Amendment. Post-deprivation, Defendants continue to violate the notice requirements of the Fourteenth Amendment's Due Process Clause by failing to use reasonable effort to identify and notify property owners. This conduct directly caused the injuries alleged herein.

*Plaintiffs and Putative Class Members Retain Title to Their Private Property, and Defendants Hold Plaintiffs' and Putative Class Members' Private Property in Trust*

66. The AUUPA provides that, "[u]pon the payment or delivery of property to the department, the state assumes custody and responsibility for the safekeeping of the property." Alaska Stat. § 34.45.330. Yet, the AUUPA also allows Defendants to comingle private property funds with the State's General Revenue Fund. *Id.* at § 34.45.370. The AUUPA also includes no requirement for Defendants to provide reasonable notice before or after taking citizens' property, which, Plaintiffs assert, place the property out of the reach of its rightful owners.

67. The AUUPA establishes a custodial trust over the property seized in accordance with its provisions.[17]

68. The State never takes title to any of the proper seized pursuant to the AUUPA. *See* Alaska Stat. §§ 34.45.330, .380. The State only takes possession of the property. *See id*. The property owners retain title to their property that Defendants have taken possession of through their enforcement of the AUUPA, indefinitely. *See id*.

---

[17] *Revenue Sources Book*, ADOR Tax Division, at *66 ("The state holds the property in trust until the owner or his or her legal heir claims it.").

26

69. Thus, even though some property owners' private property may be placed in Alaska's General Revenue Fund, Alaska is not the rightful owner (i.e., does not have title) to any of the unclaimed property.

**CLASS ALLEGATIONS**

70. Plaintiffs bring this case on behalf of themselves and all other individuals similarly situated under Federal Rule of Civil Procedure 23(b)(2).

71. The proposed Class is defined as:

> All persons or entities who have not received individualized and direct notice from the State of Alaska that their property was seized by the State of Alaska between April 7, 2021 and the present.

72. The number, identity, and location of persons in the proposed Class is unknown at this time, but based on Defendants' own statements, Defendants hold more than 1.6 million individual unclaimed properties and thus there are hundreds of thousands of people in the proposed class. These people are dispersed throughout Alaska and the world. Those persons in the Class are, therefore, so numerous that joinder of the entire proposed Class is impractical for purposes of Rule 23(a)(1). The disposition of their claims in this class action lawsuit will provide substantial benefits to the parties and the Court.

73. There are questions of law and fact common to all putative class members for purposes of Rule 23(a)(2), including but not limited to whether Defendants

27

violated, and continue to violate, the Due Process notice requirement of the Fourteenth Amendment and performs unlawful Takings under the Fifth Amendment when Defendants take and/or sell proposed class members' private property on behalf of the ADOR.

74. Plaintiffs' claims are typical of those of the putative class members four purposes of Rule 23(a)(3), who are subject to the same deprivations of their rights and misapplication of the law by Defendants. There is a well-defined community of interest in the questions of law and facts involved in this case.

75. Plaintiffs and their counsel will adequately represent the putative class members' interests for purposes of Rule 23(a)(4). Plaintiffs have no interests relevant to the lawsuit's subject matter that are antagonistic to the putative class members. Their attorneys are highly experienced in complex, class action litigation.

76. Defendants' actions and threatened actions are depriving and will continually deprive Plaintiffs and putative class members of their Constitutional rights on grounds generally applicable to all members of the proposed class, thereby making appropriate declaratory, injunctive, and other equitable relief regarding the proposed Class as a whole under Rule 23(b)(2).

**CLAIMS FOR RELIEF**

**COUNT I: DECLARATORY RELIEF**
**(AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES)**

77. Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

78. A real and actual controversy exists between Plaintiffs and Defendants concerning Defendants' duties under the various statutes and laws that define their duties. Specifically, Plaintiffs seek a declaration that:

   a. the AUUPA is unconstitutional on its face because it does not require Defendants to provide notice to property owners before depriving them of their private property;

   b. the AUUPA is unconstitutional on its face because it does not require Defendants to provide adequate notice to property owners after depriving them of their private property; and

   c. Defendants' enforcement of the AUUPA, in their official capacities, violated and continues to violate private property owners' guaranteed rights under the Fifth Amendment (Takings Clause) and the Fourteenth Amendment (Due Process Clause) of the United State Constitution.

79. The dispute between Plaintiffs and Defendants is actual and concrete, and

29

involves a significant financial burden unilaterally imposed on Plaintiffs and the putative class based on the loss of their property.

COUNT II: VIOLATION OF 42 U.S.C. § 1983
(PROCEDURAL DUE PROCESS, LACK OF PRE-DEPRIVATION NOTICE)
(AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES)

80. Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

81. The Due Process Clauses of the United States Constitution prohibits Defendants from depriving citizens of protected property interests without due process of law. A determination of the rights and duties of the parties is necessary and proper at this time so that Plaintiffs may ascertain their rights and establish, as a matter of law, that Defendants have violated, and are violating, their obligations and duties under the United States Constitution such that Plaintiffs and class members are entitled to avoid future unlawful takings by Defendants.

82. Plaintiffs and putative class members have constitutionally protected property interests in their private property, but, nevertheless, it was transferred to the State of Alaska.

83. Defendants deprived, and continue to deprive, Plaintiffs and potential class members of their constitutionally protected property interest by seizing, and

30

sometimes selling, property of Plaintiffs and putative class members without providing prior notice, as required by the United States Constitution.

84. Defendants' failure to comply with the requirements of the Due Process Clauses of the United States Constitution in the manners alleged above, has resulted in substantial monetary losses to Plaintiffs and class members.

85. Based on the foregoing, Plaintiffs and all similarly situated persons are entitled to and hereby seek a return of their property because it was seized in violation of Plaintiffs' guaranteed right to Due Process of Law as afforded by the United States Constitution.

86. Plaintiffs are entitled to an injunction barring Defendants from enforcing the AUUPA and thereby violating their guaranteed right to Due Process as afforded by the United States Constitution.

## COUNT III: VIOLATION OF 42 U.S.C. § 1983
### (PROCEDURAL DUE PROCESS, LACK OF POST-DEPRIVATION NOTICE)
### (AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES)

87. Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

88. The Due Process Clause of the United States Constitution prohibits Defendants from depriving citizens of protected property interests without due process of law. A determination of the rights and duties of the parties is necessary

31

and proper at this time so that Plaintiffs may ascertain their rights and establish, as a matter of law, that Defendants have violated, and are violating, their obligations and duties under the United States Constitution such that Plaintiffs and class members are entitled to avoid future unlawful takings by the Defendants.

89. Plaintiffs and putative class members have constitutionally protected property interests in their private property, but, nevertheless, it was transferred to the State of Alaska.

90. Defendants deprived, and continue to deprive, Plaintiffs and potential class members of their constitutionally protected property interest by seizing, and sometimes selling, property of Plaintiffs and putative class members without adequate post-deprivation notice, as required by the United States Constitution.

91. Defendants' failure to comply with the requirements of the Due Process Clauses of the United States Constitution, in the manners alleged above, has resulted in substantial monetary losses to Plaintiffs and class members.

92. Based on the foregoing, Plaintiffs and all similarly situated persons are entitled to and hereby seek a return of their property because it was seized in

violation of Plaintiffs' guaranteed right to Due Process of Law as afforded by the United States Constitution.

93. Plaintiffs are entitled to an injunction barring Defendants from enforcing the AUUPA and thereby violating their guaranteed right to Due Process as afforded by the United States Constitution.

### COUNT IV: VIOLATION OF 42 U.S.C. § 1983
### (TAKINGS CLAUSE)
### (AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES)

94. Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

95. The Takings Clause of the United States Constitution prohibits the State of Alaska from taking private property for public use without just compensation.

96. As set forth more fully above, Defendants have, and will continue to, unlawfully taken control of and converted to public use the private property of Plaintiffs and putative class members without providing just compensation or providing the notice required by Constitutional Due Process.

97. To the extent that Plaintiffs' property has not been converted to public use, Plaintiffs are entitled to and hereby seek a return of their property.

98. To the extent that Plaintiffs' property has been converted to public use, Plaintiffs are entitled to and hereby seek restitution and just compensation for the

33

property seized for public use as a result of Defendants' violations of the Takings Clause of the United States Constitution, in their official capacities. Plaintiffs' property should be valued according to the applicable principles of law for reimbursement purposes.

99. Plaintiffs are also entitled to an injunction barring Defendants' from enforcing the AUUPA and thereby violating their guaranteed right to free from unconstitutional takings and providing for restitution as incidental and ancillary relief under that injunction.

100. Plaintiffs are entitled to an accounting ancillary to the aforementioned return of property sought because the total amount of the Plaintiffs' injuries, which includes not only improperly seized property that may or may not have been sold, also includes other investments and property rights, such as dividends and interest wrongfully taken by the state, the proper calculation of principal and interest, and the unnecessary fees, costs, and taxes, cannot be ascertained without an accounting for such property.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

(1) For the return of Plaintiffs' property;

(2) For declarations that:

    (a) the AUUPA is unconstitutional on its face because it does not require Defendants to provide adequate notice to property owners before depriving them of their property;

    (b) the AUUPA is unconstitutional on its face because it does not require Defendants to provide adequate notice to property owners after depriving them of their property; and

    (c) Defendants' enforcement of the AUUPA, in their official capacities, violated and continues to violate private property owners' guaranteed rights under the Fifth Amendment (Takings Clause) and the Fourteenth Amendment (Due Process Clause) of the United States Constitution.

(3) To the extent that private funds have been converted to public use, return of the proceeds of or value of the converted private property;

(4) A permanent injunction restraining Defendants from engaging in the following:

(a) continuing to seize and retain private property without providing notice and due process pursuant to, and in the form required by, the United States Constitution; and

(b) prohibiting future unlawful and/or improper transactions, as alleged in this Complaint.

(5) Because Plaintiffs and putative class members have no plain, adequate, or speedy remedy at law, and will suffer significant, permanent, and irreparable harm, Plaintiffs request preliminary and permanent injunctive relief ordering Defendants to comply with the law, as set forth above, and to return Plaintiffs' property and the property belonging to the potential class members. Specifically, Plaintiffs seek an injunction (1) compelling Defendants to immediately cease all unlawful, unconstitutional conduct as described herein and to (2) provide all ancillary and incidental monetary relief required pursuant to the injunction.

(6) Restitution and disgorgement of all ill-gotten gains;

(7) An accounting;

(8) Creation of a common fund;

(9) For reasonable attorneys' fees pursuant to Alaska "common fund doctrine,"

36

"private attorney general doctrine," 42 U.S.C. 1988, and other laws;

(10)   For appointment of undersigned counsel as class counsel;

(11)   For an order certifying the proposed class under Federal Rule of Civil Procedure 23(b)(2);

(12)   For all costs incurred by Plaintiffs to date, and to be incurred by Plaintiffs -hereafter, in connection with this action; and

(13)   For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: April 7, 2023

Respectfully submitted,

*/s/ Joshua B. Cooley*

Richard M. Paul III (*pro hac forthcoming*)
Laura C. Fellows (*pro hac forthcoming*)
David Bodenheimer (*pro hac forthcoming*)
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Phone: (816) 984-8100
Fax: (816) 984-8101
Rick@PaulLLP.com
Laura@PaulLLP.com
David@PaulLLP.com

Joshua B. Cooley,
1409065

**Ehrhardt | Elsner | Cooley**
215 Fidalgo Avenue, Suite 201
Kenai, Alaska 99611
Phone: (907) 283-2876
Fax: (907) 283-2896
Josh@907legal.com

37

Jonathan Greiner (*pro hac forthcoming*)
Christopher Ross (*pro hac forthcoming*)
**GREINER & ASSOCIATES, PLLC**
401 Austin Highway, Suite 200
San Antonio, Texas 78209
Phone: (210) 824-6529
Fax: (210) 829-5528
service@greinerattorneys.com

**ATTORNEYS FOR PLAINTIFFS**